IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOTAN CORPORATION, | No. C 06-06994 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT BAP LOGISTICS' MOTION FOR SUMMARY JUDGMENT** |
| BARRY A. PRATER, BAP LOGISTICS, INC., and DOES 1–100, inclusive, | |
| Defendants. | |

**INTRODUCTION**

In this cargo loss and fraud case, plaintiff Hotan Corporation seeks actual damages resulting from the loss of a shipment of CD-ROM discs and punitive damages from defendants Barry Prater and BAP Logistics, Inc. Defendant BAP now moves for summary judgment, claiming that the Carmack Amendment does not apply to brokers like BAP, defendants were not alter egos, and Hotan is not entitled to punitive damages. For the reasons stated below, defendant's motion for summary judgment is **DENIED.**

**ANALYSIS**

One of the main issues is whether BAP was acting as a "carrier" under the Carmack Amendment. This order finds that there is a disputed issue of material fact as to whether BAP was acting as a carrier. On BAP's own pre-printed bill of lading, BAP was listed as a carrier.

1  This fact alone would be sufficient to warrant a jury determination that BAP was acting as a
2  carrier.

3  On the assumption that BAP was a carrier, the next issue is whether plaintiff complied
4  with the written notice requirement of 49 C.F.R. 1005.2.  That provision, however, required that
5  the written notice be filed within the time limitations specified in the bill of lading.  The bill of
6  lading in our case failed to provide any such time limitations.  The Carmack Amendment states
7  that a carrier may not require a period of less than two years for bringing a civil action against it
8  under this section.  49 U.S.C. 14706(e).  Therefore, the filing of the complaint itself within the
9  two-year limitation period is sufficient notice.  Defendant contends that the bill of lading
10 incorporated by reference the Uniform Bill of Lading.  The case law relied upon for this
11 proposition is shrouded in mystery.  On this record and briefing, the Court is unwilling to accept
12 this proposition as a leap of faith.

13 In the alternative, even if the Carmack Amendment does not apply (because BAP is
14 deemed to be a broker and not a carrier), plaintiff contends that it was defrauded into believing
15 that BAP was a carrier and that plaintiff would get the benefit of the Carmack Amendment.  The
16 Court is unwilling to decide this legal issue without the benefit of better briefing and an
17 evidentiary record at trial.

18 With respect to the alter ego claim, the fifteen-factor test in *Associated Vendors, Inc. v.*
19 *Oakland Meat Co., Inc.*, 210 Cal.App.2d 825, 837–40 (1962), is sufficiently satisfied that a jury
20 in this case could reasonably conclude that Mr. Prater was the alter ego of BAP.  It would be
21 wrong to immunize him from liability as a matter of law at this stage.

22 Plaintiff also seeks punitive damages.  The defense argues that punitive damages are not
23 permitted under the Carmack Amendment.  This argument is reached *only if* the Carmack
24 Amendment applies in this case — *i.e.*, if it were deemed that BAP was a carrier.  If the
25 Carmack Amendment does not apply, however, because BAP was not a carrier, then Hotan's
26 common law fraud claim remains in the case and punitive damages are available to plaintiffs.
27 Therefore, we have to wait and see whether BAP is held as a "carrier."

28

**CONCLUSION**

For the foregoing reasons, defendant BAP's motion for summary judgment is **DENIED.**

**IT IS SO ORDERED.**

Dated: October 22, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3