**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOTAN CORPORATION,<br><br>   Plaintiff,<br><br>   v.<br><br>BARRY PRATER and BAP LOGISTICS, INC.,<br><br>   Defendants.<br>_____/ | No. C 06-06994 WHA |

**FINAL CHARGE TO THE JURY
AND SPECIAL VERDICT FORM**

1.

Members of the jury, it is now my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult as necessary. These instructions fall into three parts. The first part will address guidelines for evaluating the evidence, the burden of proof, and related matters.

It is your duty to find the facts from all the evidence in the case. You must, however, apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not read into anything I have said or will say as suggesting what verdict you should return — that is a matter entirely up to you.

2.

The evidence from which you are to decide what the facts are consists of:

    1.    The testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

    2.    The exhibits which have been received into evidence; and

    3.    Any facts to which the lawyers have stipulated. You must treat any stipulated facts as having been conclusively proved.

3.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence. You should base your decision on all of the evidence regardless of which party presented it.

4.

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

    1.    Arguments, statements, and objections by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

    2.    A suggestion in a question by counsel or the Court is not evidence unless it is adopted by the answer. A question by itself is not evidence. Consider it only to the extent it is adopted by the answer.

    3.    Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

    4.    Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

5.

In deciding what happened in this case, you will have to decide how much weight to give to various witnesses and exhibits. Here you must use your common sense, taking into account the convincing force of the evidence as well as all other factors that bear on believability.

6.

You may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it or none of it. In considering the testimony of any witness, you may take into account:

     1.     The opportunity and ability of the witness to see or hear or know the things testified to;

     2.     The witness' memory;

     3.     The witness' manner while testifying;

     4.     The witness' interest in the outcome of the case and any bias or prejudice;

     5.     Whether other evidence contradicted the witness' testimony;

     6.     The reasonableness of the witness' testimony in light of all the evidence; and

     7.     Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called witnesses or produced evidence. You should base your decision on all of the evidence regardless of which party presented it.

7.

You are not required to decide any issue according to the testimony of a number of witnesses, which does not convince you, as against the testimony of a smaller number or other evidence, which is more convincing to you. The testimony of one witness worthy of belief is sufficient to prove any fact. This does not mean that you are free to disregard the testimony of any witness merely from caprice or prejudice, or from a desire to favor either side. It does mean that you must not decide anything by simply counting the number of witnesses who have testified on the opposing sides. The test is not the number of witnesses but the convincing force of the evidence.

8.

You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

9.

3

You have heard testimony from witnesses referred to as "expert witnesses." These are persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case. If an expert witness was not present at the events in question, his or her opinion is necessarily based on an assumed set of circumstances. In evaluating the opinion during the trial, you should take into account the extent to which you do agree or do not agree with the circumstances assumed by the expert witness.

10.

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, or officers performed within the scope of authority.

An agent is a person who performs services for the corporation under an express or implied agreement and who is subject to its control or right to control the manner and means of performing the services. One may be an agent without receiving compensation for services.

11.

Unless otherwise stated, the instructions apply to all parties.

12.

In these instructions, I will often refer to a party's "burden of proof." Let me explain what that means. When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. To put it differently, if you were to put the evidence favoring a plaintiff and the evidence favoring defendants on opposite sides of a scale, the party with the burden of proof on the issue would have to make the scale tip somewhat toward its side. If the party fails to meet this burden, then the party with the burden of proof loses on that issue. Preponderance of the

4

evidence basically means "more likely than not."

When a party has the burden of proving any claim by clear and convincing evidence, it means you must be persuaded by the evidence that the claim is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

13.

On any claim, if you find that plaintiff carried its burden of proof as to each element of a particular claim, your verdict should be for plaintiff on that claim. If you find that plaintiff did not carry its burden of proof as to any element, you must find against plaintiff on that claim. This same principle also applies to defendants on claims for which they have the burden of proof.

14.

The second part of my instructions concerns the substantive law that bears on this case. This statement of the law pertains to all time periods relevant to this case. Although you have heard and seen evidence concerning legal points, you must take my instructions as supreme on matters of law and an accurate and controlling statement of the law to be applied in reaching your verdict.

The first claim by plaintiff is against the corporate defendant, BAP Logistics, Inc. and the individual defendant Barry Prater. This claim contends that defendants acted as a motor carrier under federal law at the time in question and thus are liable for the stolen shipment. Both sides agree that if a defendant was acting as a motor carrier under federal law then that defendant is strictly liable for the stolen equipment without a showing of negligence or intentional wrongdoing. On the other hand, both sides agree that if neither defendant acted as a motor carrier, then there is no liability save and except for a possible fraud claim to be described momentarily.

In order to prevail on its first claim, plaintiff must establish by a preponderance of the evidence that a defendant acted as a motor carrier in connection with the stolen shipment in question. A "motor carrier" includes anyone providing a commercial vehicle transportation for compensation. A "commercial vehicle transportation" means a self-propelled or towed vehicle

5

used on the highways in interstate commerce to transport passengers or property, if the vehicle has a gross vehicle weight rating or gross vehicle weight of at least 10,001 pounds, whichever is greater.

By contrast, a broker under federal law is a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation.

In deciding whether a party has acted as a motor carrier, you may consider what licenses the party holds. But that is not dispositive. Under the law, if brokers act beyond the role of brokers and perform the role of motor carriers, then they must be deemed to be motor carriers despite the fact that their licenses are limited to broker functions.

If a broker holds itself out to be a motor carrier and leads a shipper to reasonably believe that it is a motor carrier rather than a broker and leads the shipper to reasonably rely on its supposed status as a motor carrier for loss purposes, then it will be treated as a carrier and held liable as a carrier in the event of a loss in the shipment. This is true even if there were no fraudulent intent by the broker. However, it will not be treated and held liable as a motor carrier if the broker reasonably informed the shipper that it would not be liable for losses.

If on the first claim you find that any defendant acted as a motor carrier in connection with the shipment in question, then there can be no fraud liability or punitive damages as to that defendant.

15.

The second claim is for alleged fraud. This claim is also alleged against both defendants, namely Mr. Prater individually and the corporation. The essence of the allegation is that defendants intentionally misled plaintiff into believing that they would be responsible for loss or damage to shipments while secretly planning to claim they were merely brokers and not responsible if and when a large loss or damage ever occurred and went unpaid by the trucking company.

6

1  To prove its claim for fraud against defendants, plaintiff Hotan must prove by a
2  preponderance of the evidence all of the following:
3  *First*, that defendants made a misrepresentation, which means a false statement,
4  concealment, or non-disclosure;
5  *Second*, that defendants had knowledge of its falsity;
6  *Third*, that defendants had the intent to defraud;
7  *Fourth*, that there was justifiable reliance by plaintiff on the false statement; and
8  *Fifth*, that there were resulting damages.
9  A statement is "false" if is known to be untrue or is made with reckless indifference as
10 to its truth or falsity. A statement is also false when it constitutes a half truth or conceals a
11 material fact, provided it is made with intent to defraud. A "material" fact is one that a
12 reasonable shipper in circumstances such as these would consider important in making a
13 shipping decision. An intent to defraud is an intent to deceive or cheat.

16.

15 Earlier in this case, you heard about the so-called alter-ego issue. Since then, that issue
16 has been simplified. For purposes of this case, both BAP Logistics, Inc., and Barry Prater, an
17 individual, agree that they are one and the same for purposes of the issues in this case and,
18 further, that any judgment against one will be a judgment against the other as well.

17.

20 There is no claim for professional malpractice or negligence by a broker in this case.
21 The only two claims are for alleged liability as a carrier and for fraud. These are the only two
22 claims for you to decide.

18.

24 It is the duty of the Court to instruct you about the measure of damages. By instructing
25 you on damages, the Court does not mean to suggest for which party your verdict should be
26 rendered. The loss of Hotan's freight, consisting of a trailer load of computer discs, is
27 implicated in this case. To recover damages for the loss of Hotan's computer discs, Hotan must
28 prove the fair market value of the computer discs just before the harm occurred. Fair market

7

1  value is the highest price that a willing buyer would have paid to a willing seller. The party
2  seeking damages has the burden of proving damages by a preponderance of the evidence.

19.

4  You are not permitted to include speculative damages, which means compensation
5  for future loss or harm which, although possible, is conjectural or not reasonably certain.
6  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.
7  However, if you determine that a party is entitled to recover, you should compensate a party for
8  the loss or harm caused by the injury in question which the evidence shows is reasonably certain
9  to be suffered in the future.

20.

11  Plaintiff also seeks an award of punitive damages in this case against defendants. If you
12  find that plaintiff suffered actual injury, harm or damage caused by any fraudulent conduct of
13  any defendant, you must decide in addition whether to award punitive damages for the sake of
14  example and by way of punishment.

15  To recover punitive damages, plaintiff has the burden of proving by clear and convincing
16  evidence that said defendant was guilty of oppression, fraud or malice in engaging in the conduct
17  on which it bases its claim that defendant violated its rights.

18  "Clear and convincing" evidence means evidence of such convincing force that it
19  demonstrates, in contrast to the opposing evidence, a high probability of the truth of the facts for
20  which it is offered as proof. Such evidence requires a higher standard of proof than proof by a
21  preponderance of the evidence.

22  "Malice" means conduct which was intended to cause injury to plaintiff or despicable
23  conduct which was carried on with a willful and conscious disregard for the rights or safety of
24  others.

25  "Despicable conduct" is conduct which is so vile, base, contemptible, miserable,
26  wretched or loathsome that it would be looked down upon and despised by ordinary decent
27  people. A person acts with conscious disregard of the rights or safety of others when he or she is

1  aware of the probable dangerous consequences of his or her conduct and willfully and
2  deliberately fails to avoid those consequences.

3  "Oppression" means despicable conduct that subjects a person to cruel and unjust
4  hardship in conscious disregard of that person's rights.

5  "Fraud" means an intentional misrepresentation, deceit or concealment of a material fact
6  known to the defendant with the intention on the part of the defendant of thereby depriving a
7  person of property or legal rights or otherwise causing injury.

8  Whether punitive damages should be imposed, and if so, the amount thereof, is left to
9  your sound discretion, exercised without passion or prejudice. If you decide that punitive
10 damages should be awarded, you will have a short supplemental proceeding immediately
11 following your verdict in order to receive more evidence and argument as to the amount that
12 should be awarded.

13                                     21.

14 Now I have come to the third and final part. When you begin your deliberations, you
15 should elect one member of the jury as your foreperson. That person will preside over the
16 deliberations and speak for you here in court.

17 You will then discuss the case with your fellow jurors to reach agreement if you can do
18 so. Your verdict as to each claim and as to damages, if any, must be unanimous. Each of you
19 must decide the case for yourself and make your own conscientious decision, but you should do
20 so only after you have considered all of the evidence, discussed it fully with the other jurors, and
21 listened to the views of your fellow jurors.

22                                     22.

23 Some of you have taken notes during the trial. Whether or not you took notes, you
24 should rely on your own memory of what was said. Notes are only to assist your memory. You
25 should not be overly influenced by the notes.

26                                     23.

27 As I noted before the trial began, when you retire to the jury room to deliberate, you will
28 have with you the following things:

9

1.   All of the exhibits received into evidence;

2.   A work copy of these jury instructions for each of you;

3.   A work copy of the verdict form for each of you; and

4.   An official verdict form.

Remember that none of these items are evidence except the exhibits.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

24.

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing via the Marshal, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the Court.

25.

You have been required to be here each day from 7:45 A.M. to 1:00 P.M.  Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason.  For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine.  The Court does, however, recommend that you continue to start your deliberations by 8:00 A.M.  If you do not reach a verdict by today, then you will resume your deliberations on Monday and thereafter.

It is very important that you let the Clerk know in advance via the Marshal what hours you will be deliberating so that the lawyers and I may be present in the courthouse at any time you are deliberating.

26.

You may only deliberate when all of you are together.  This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case.  As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberation.

27.

After you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the Court via the Marshal that you have reached a verdict.  The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict.  Thank you for your careful attention.  The case is now in your hands.  You may now retire to the jury room and begin your deliberations.

Dated: December 14, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE